IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

SAMUEL J. LEWIS                           *

    Plaintiff,                              *

        v.                                      *      3:07-CV-787-WKW
                                                        (WO)

CHIEF ADAM MELTON, *et al.*,              *

    Defendants.                             *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Roanoke City Jail in Roanoke, Alabama, filed this 42 U.S.C. § 1983 action on August 31, 2007. He complains that he is being subjected to unequal treatment and retaliation at the Roanoke City Jail. Plaintiff requests that he be treated "equal as everybody else" and that he be allowed to "go out to work so [he] can hurry up and get out of jail." (Doc. No. 1 at 3-4.) Upon review of Plaintiff's complaint and supplement thereto, the court finds that Plaintiff's equal protection claim and his claims against the City of Roanoke are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B) prior to service of process.[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Thus, notwithstanding payment of the filing fee or any initial partial filing fee, this court must dismiss a case prior to service of process if the court determines that the action is subject to dismissal under the

## I. Discussion

*A. The Equal Protection Claim*

Equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). In order to establish a claim cognizable under the Equal Protection Clause, a plaintiff must, at the very least, allege that he is similarly situated with other persons who were treated differently and that the reason for the differential treatment was based on a constitutionally protected interest. *Jones v. Ray*, 279 F.3d 944, 947 (11th Cir. 2001); *Damiano v. Florida Parole and Probation Com'n*, 785 F.2d 929, 932-33 (11th Cir. 1986). Inconsistency in the operation of a prison may not, in itself, constitute a denial of equal protection. *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265-66 (1977); *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987).

> [O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). Evidence which merely

---

provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) or (iii).

indicates disparity of treatment or erroneous or even arbitrary administration of state powers, rather than purposeful or invidious discrimination, is insufficient to show discriminatory intent. *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987). Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient. *GJR Inv., Inc. v. County of Escambia,* 132 F.3d 1359, 1367-68 (11th Cir. 1998); *Coon v. Ga. Pac. Corp.,* 829 F.2d 1563, 1569 (11th Cir. 1987).

To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race. Jones v. Ray, 279 F.3d 944, 946-947 (11th Cir. 2001). In this case, Plaintiff does not allege that his non-selection for a work assignment is based on a constitutionally protected interest, and inmates clearly do not constitute a suspect or quasi-suspect class entitling such persons to "strict scrutiny" of disparate government treatment. Here, what Plaintiff complains of is his disappointment in not being selected for a work assignment even though he has been incarcerated for 60 days and has observed Defendant Melton choose other inmates for work details. However, the mere differential treatment of Plaintiff fails to constitute a violation of his equal protection rights. *E & T Realty v. Strickland,* 830 F.2d 1107 (11th Cir.1987). Additionally, to succeed on an equal protection challenge, the plaintiff must demonstrate the existence of discriminatory intent; arbitrary application of prison rules without discriminatory intent is insufficient to demonstrate a violation of the Equal Protection Clause. *Jones v. White,* 992 F.2d 1548, 1573 (11th Cir.1993). Accordingly, this claim is due to be dismissed.

*B. The City of Roanoke*

Plaintiff names the City of Roanoke as a defendant. Although the Supreme Court has held that counties (and other local government entities) are "persons" within the scope of § 1983, and subject to liability, Plaintiff cannot rely upon the theory of *respondeat superior* to hold the City of Roanoke liable. *See Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 692 (1978) (finding that § 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor"); *Pembaur v. Cincinatti,* 475 U.S. 469, 479 (1986). "It is only when the 'execution of the government" policy or custom ... inflects the injury' that the municipality may be held liable." *City of Canton v. Harris,* 489 U.S. 378, 385 (1989). A city does not incur § 1983 liability for injuries caused solely by its employees. *Monell,* 436 U.S. at 694.

Here, Plaintiff's complaint fails to articulate a theory under *Monell* under which the City of Roanoke may be held liable. Consequently, there is no legal basis on which Plaintiff's claim against this defendant may proceed and it is, therefore due to be dismissed. *See Neitzke v. Williams*, 490 U.S. 319 (1989).

*C. The Retaliation Claim*

In a supplement to his complaint, Plaintiff states that the "Chief [sic] knows that I have [written the court]; he sent the Capt. Grant back here to tell me that I was blackmaleing [sic] him and told me that I couldn't go out for two more weeks." (Doc. No. 4 at 2.) To the extent Plaintiff's assertion presents a claim of retaliation for exercising his right of access to the courts, the complaint should be referred back to the undersigned for further

4

proceedings. *See Thomas v. Evans*, 880 F.2d 1235, 1242 (11th Cir. 1987).

## II. Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's equal protection claim be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii);

2. Plaintiff's claims against the City of Roanoke be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

3. The City of Roanoke be DISMISSED as a party to the complaint; and

4. Plaintiff's claim of retaliation be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before September 20, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) ( *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    DONE, this 7th day of September, 2007.

                                /s/ Susan Russ Walker  
                                SUSAN RUSS WALKER  
                                UNITED   STATES   MAGISTRATE   JUDGE