## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| SAMUEL J. LEWIS, | * |
| | * |
|     Plaintiff | * |
| | * |
| | *   Case No.: 3:07-CV-787-WKW(W0) |
| | * |
| CHIEF ADAM MELTON, | * |
| | * |
|     Defendants. | * |

## ANSWER

Comes now the Defendant, Chief Adam Melton, by and through his undersigned counsel, and as Answer to the Plaintiff's Complaint in the above styled cause says as follows:

I. Paragraphs A, B and C of Roman Numeral I do not appear to state any allegations regarding this Defendant.

II. Defendant admits that the Plaintiff currently is located in the Roanoke City Jail. Defendant denies that any "incident" occurred in the Roanoke Police Department which violated any right, constitutional or otherwise, held by the Plaintiff.

III. Plaintiff failed to fill out any portion of Roman Numeral III. The Plaintiff has identified no individuals in Roman Numeral III as violating his constitution rights. However, this Defendant denies violating any constitutional right of the Plaintiff, Samuel J. Lewis.

IV. In response to Paragraph Roman Numeral IV of the Plaintiff's Complaint, Plaintiff has failed to identify a date upon which said violation allegedly occurred. However, this Defendant denies violating any constitutional right of the Plaintiff, Samuel J. Lewis, at any time or date.

V. In response to the Paragraph identified as Roman Numeral V of the Plaintiff's Complaint, the Defendant denies that he has "been showing favoritism toward some of the inmates that are in this Jail." Defendant is without personal knowledge as to the allegation that the Plaintiff has "been in jail for 60 days and I have seen people go out to work" and therefore denies the same. Defendant admits the allegation that "the Chief will not let me go" out to work. Defendant denies the allegation by the Plaintiff that Defendant is not being fair to the Plaintiff.

VI. In response to the Paragraph identified as Roman Numeral VI of the Plaintiff's Complaint, Defendant denies the allegation by the Plaintiff that Defendant does not treat the Plaintiff "equal as everybody else."

## SECOND DEFENSE

This Defendant asserts that neither he nor any of his agents, servants, employees or representatives breached any duty owed to the Plaintiff and are not responsible for any damages allegedly incurred by the Plaintiff.

## THIRD DEFENSE

This Defendant asserts that the Plaintiff assumed the risk of his alleged injuries, if any, and, therefore, is barred from recovery in this action.

## FOURTH DEFENSE

The Plaintiff has willfully concealed facts which therefore bars his recovery in this action.

## FIFTH DEFENSE

The Plaintiff has not complied with all requirements necessary under Alabama law as a condition precedent to the maintenance of this lawsuit.

## SIXTH DEFENSE

This Defendant denies that the Plaintiff suffered the damages alleged in his Complaint.

## SEVENTH DEFENSE

This Defendant denies any violation of the Plaintiff's rights as provided by the Alabama and United States Constitutions.

## EIGHTH DEFENSE

The Plaintiff's Complaint separately and severally fails to state a claim or cause of action against this Defendant upon which relief may be granted.

## NINTH DEFENSE

This Defendant asserts the defense of immunity, whether qualified, good faith, absolute, discretionary, substantive, functional or otherwise, as a complete bar to this action.

## TENTH DEFENSE

This Defendant asserts that the Plaintiff's Complaint has been untimely filed and that proper statutory notice of his alleged claim was not given.

## ELEVENTH DEFENSE

Punitive damages are not available to Plaintiff under either federal law or state law and Plaintiff' demand for recovery of punitive damages from this Defendant should be stricken.

## TWELFTH DEFENSE

This Defendant asserts the statutory limitation on recovery of any damages against him under state law as set forth in Section 11-93-2 of the Alabama Code, 1975.

## THIRTEENTH DEFENSE

This Defendant avers that the Plaintiff, at the time and on the occasion in question, was guilty of provocation which led to his alleged injuries.

## FOURTEENTH DEFENSE

This Defendant asserts the defense of contributory negligence on the part of the Plaintiff as a complete bar to this action.

## FIFTEENTH DEFENSE

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(1)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(2)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(3)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(4)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(5)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, therefore, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(6) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of maximum criminal fines for the same or similar conduct, which thereby infringes the due process clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(7) The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

## SIXTEENTH DEFENSE

Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

(1) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiffs satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

(2) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant.

(3) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(4) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

(5) The award of punitive damages in this case would constitute a deprivation of property without due process of law.

## SEVENTEENTH DEFENSE

The procedures pursuant to which punitive damages are awarded permit the imposition of

an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

### EIGHTEENTH DEFENSE

For there is no causal connection between the actions of this Defendant and any alleged injuries or damages sustained by the Plaintiff.

### NINETEENTH DEFENSE

The Plaintiff has failed to exhaust or satisfy the conditions precedent to filing his cause of action.

### TWENTIETH DEFENSE

To the extent that the Plaintiff seeks to recovery punitive damages, Plaintiff has failed to state a claim upon which relief may be granted in that he has not made any averments to support such relief.

### TWENTY-FIRST DEFENSE

Plaintiff's claim for injunctive relief, and attorney's fees, if any, are equitable in nature, and may not have to be tried to a jury.

### TWENTY-SECOND DEFENSE

Plaintiff has failed to satisfy his duty to mitigate his damages.

### TWENTY-THIRD DEFENSE

The Plaintiff is not entitled to attorney's fees under any statute.

### TWENTY-FOURTH DEFENSE

The Complaint fails to state a claim upon which relief may be granted in that the Plaintiff cannot show that his alleged treatment was in violation of his right to the full and equal benefit of all laws and proceedings for the security of persons and properties.

## TWENTY-FIFTH DEFENSE

This Defendant pleads that reasonable accommodations were made for the Plaintiff and were utilized by the Plaintiff at all material times he was in contact with the Defendant.

## TWENTY-SIXTH DEFENSE

Any alleged accommodation as Plaintiff demands entitlement to would impose an undue hardship on the Defendant.

## TWENTY-SEVENTH DEFENSE

This Defendant denies any discrimination whatsoever in his treatment of the Plaintiff.

## TWENTY-EIGHTH DEFENSE

The Plaintiff's claim for monetary relief against this Defendant is barred by U.S.C.A. Const. Amend. 11.

## TWENTY-NINTH DEFENSE

This Defendant pleads the defenses of laches and estoppel as a bar to the Plaintiff's claims.

## THIRTIETH DEFENSE

This Defendant denies that the Plaintiff was being punished in any way regarding the incident made the basis of his Complaint, and this Defendant further asserts that he has a right to take actions as are necessary under the circumstances to maintain order and assure compliance with prison regulations.

## THIRTY-FIRST DEFENSE

This Defendant asserts that all actions taken by him was done in good faith in an effort to maintain or restore discipline, and denies any intent whatsoever to harm the Plaintiff.

## THIRTY-SECOND DEFENSE

This Defendant denies that he is liable in any way to the Plaintiff or that Plaintiff is entitled to

any of the relief prayed for.

## THIRTY-THIRD DEFENSE

**The Plaintiff is a Post Conviction Inmate and NOT a Pre-Trial Detainee and therefore is not afforded certain rights to which he claims.**

## THIRTY-FOURTH DEFENSE

This Defendant specifically reserves the right to file any additional or affirmative defenses which may arise as a result of further discovery and investigation as to the allegations contained in the Plaintiff's Complaint.

WHEREFORE, having fully answered the Complaint, Defendant requests that the Complaint be dismissed with prejudice; that judgment be entered for the Defendant; and that Defendant be awarded attorney's fees herein, plus other such general and equitable relief as this Court deems just and appropriate.

Respectfully submitted,

/s/ C. David Stubbs
**C. David Stubbs      (ASB-7248-U83C)**
Attorney for Defendant,
Chief Adam Melton

**OF COUNSEL**:
STUBBS, SILLS & FRYE, P.C.
P.O. Box 2023
Anniston, Alabama 36202
Telephone: (256) 835-5050
Facsimile: (256) 835-0011
Email: david-ssf@cableone.net

## CERTIFICATE OF SERVICE

  I hereby certify that on this the 12th day of October, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. The following people are not registered with the CM/ECF system and have been served via U.S. first class mail:

**Samuel J. Lewis**
ROANOKE CITY JAIL
30 West Point Street
Roanoke, AL 36274

                /s/ C. David Stubbs
                  *OF COUNSEL*